

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE OSBIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-237 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner RICHARD WAYNE OSBIN has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 31st Judicial District Court of Gray County, Texas for the offense of driving while intoxicated (DWI) and the resultant seven-year sentence. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

### I.
### Procedural History

On September 15, 2005, the trial court entered a judgment, upon petitioner's guilty plea, finding petitioner guilty of DWI. The indictment included allegations that petitioner was previously convicted of DWI on November 21, 1995 and on October 13, 1998. It also contained an enhancement paragraph that, on May 8, 1978, petitioner was convicted of Burglary of Vehicles. According to the state court judgment, petitioner pled true to the enhancement paragraph and was

charged with "DWI 3rd or more, enhanced." (State Habeas Corpus Record (HCR) pg 19). In February 2006, petitioner filed a state habeas corpus petition, in which he asserted the same arguments he presents in his federal petition. The Court of Criminal Appeals denied the state petition, without written order, in June 2006.

## II.
## Petitioner's Allegations

Petitioner contends the State of Texas is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. He was denied effective assistance of counsel;

2. The trial court used illegal enhancement procedures; and

3. He was barred from communicating with the trial court or district attorney.

## III.
## Standard of Review

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Furthermore, all factual determinations made by a state court shall be presumed

to be correct and such presumption can only be rebutted by clear and convincing evidence presented by the petitioner. 28 U.S.C. § 2254(e).

The ruling of the Texas Court of Criminal Appeals denying petitioner's state habeas application without written order constituted an adjudication of petitioner's claims on the merits. *Salazar v. Dretke*, 419 F.3d 384, 398 (5th Cir. 2005). Petitioner has not overcome the AEDPA deference standard accorded state court adjudications and is not entitled to relief.

### IV.
### The Merits of Petitioner's Claims

Even if he had overcome such deferential standard, he would not be entitled to relief. A court will not grant federal habeas corpus relief unless an error was so gross or a trial so fundamentally unfair the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair that a retrial is necessary, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

#### A.
#### Denial of Effective Assistance of Counsel

In his first ground, petitioner contends he did not receive effective assistance of counsel because his appointed trial counsel (i) was incompetent, (ii) made unethical statements, (iii) employed coercive tactics, and (iv) used unprofessional tactics. Petitioner, however, never details exactly how his attorney was incompetent, unethical, coercing, or unprofessional. He further asserts that, when he requested the appointment of new counsel, the "jail administrator stated [his] request was denied due to being only allowed [three] attorneys."

"A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the

ineffectiveness is alleged to have rendered the guilty plea involuntary." *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to a defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Otherwise,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

After alleging a violation of constitutionally protected rights due to ineffective assistance of counsel, a petitioner must meet the *Strickland* requirements of (I) deficient performance by counsel and (ii) resulting prejudice. *Hill*, 474 U.S. at 57. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

In the present case, petitioner never specifically alleges exactly which behavior by counsel he feels constituted ineffective representation. That is, while petitioner makes general and conclusory allegations that his attorney was incompetent, unethical, coercing, and unprofessional, petitioner does not support his claims with any specific facts. *See id.* at 61.

Furthermore, even if this Court had some evidence to determine the exact nature of the allegedly ineffective representation, petitioner does not "attack the voluntary and intelligent character of the guilty plea." *See Tollett*, 411 U.S. at 266. Petitioner simply alleges that he received ineffective assistance of counsel and was denied the ability to have another attorney appointed. He does not demonstrate (or even allege) that, because of counsel's representation, his plea was not

voluntary and intelligent.[1] *See Hill*, 474 U.S. at 57.

Assuming, *arguendo*, that petitioner had made the necessary allegations and had supported them with some form of a factual basis, he nevertheless fails to meet the *Strickland* requirements. *See id.* at 57; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Even going far beyond the most generous reading of petitioner's petition, and assuming there was deficient performance by counsel, petitioner fails to fulfill the prejudice requirement of the *Strickland* test because he fails to demonstrate that, but for counsel's errors (whatever they were), "he would not have pleaded guilty and would have insisted on going to trial." *See Hill*, 474 U.S. at 57. Since, petitioner fails to make any of the necessary allegations to support his claim of ineffective assistance of counsel in connection with his guilty plea, petitioner's ground number one is without merit.

B.
Use of Illegal Enhancement Procedures

In his second ground, petitioner contends his sentence was illegally enhanced because it was "immediately enhanced from 3rd to 2nd degree felony without a trial or hearing." (Habeas Corpus Petition (HCP) pg. 7). Petitioner admits, "I was convicted of burglary of a vehicle in 1978." (*Id.*). He contends, however, the use of the prior conviction as an enhancement paragraph in the indictment, "was used to strengthen my present charges and gives a tainted imag [sic] of me before trial begins [sic]." (*Id.*). The indictment sets forth petitioner was previously convicted of DWI on November 21, 1995 and on October 13, 1998 and of Burglary of Vehicles on May 8, 1978. (HCR pg. 17-18).

---

[1] The closest petitioner comes to making this necessary allegation is when he states that his attorney "also used coercing tactics and even stated he plea bargained a 10 year plea offer down to a 7 year, which I never witnessed." (Habeas Corpus Petition, pg. 10). Even this statement, however, fails to make the kind of specific allegation of coercion which would affect the voluntary nature of the plea.

In *Randle v. Scott*, the Fifth Circuit held, "An objection to the use of a 'prior invalid conviction for enhancement purposes' is waived when a plea of guilty is entered to the enhancement charged." 43 F.3d 221, 226 (5th Cir. 1995), *cert. denied* 515 U.S. 1108 (1995). Thus, when a defendant pleads true to an enhancement paragraph, a later challenge to the use of the prior conviction is waived if the defendant knew of any deficiencies in the prior conviction before pleading true to the enhancement paragraph. *Id.*

Texas law regarding when the trial court may enhance a defendant's sentence is set forth in the Penal Code. Typically, a DWI offense is classified as a Class B misdemeanor. TEX. PENAL CODE ANN. § 49.04(b) (Vernon 2003). If, however, a trial court has previously convicted the defendant of DWI at least two other times, then the third DWI offense is classified as a third-degree felony. *Id.* § 49.09 (Vernon Supp. 2007). This classification is increased if the defendant, in addition to the prior DWI offenses "has been once before convicted of a felony." *See id.* § 12.42(a)(3) (Vernon Supp. 2007). In cases where the defendant has committed two or more DWI offenses before the pending DWI offense and has also been convicted of a separate felony, Texas law mandates the defendant be punished for a second-degree felony. *Id.*

The judgment in this case reflects petitioner pleaded true to the enhancement paragraph *and* to the allegation that the DWI offense was his third. (HCR pg. 19). Petitioner additionally admits to this Court, in his federal habeas corpus petition, the validity of the prior conviction. (HCP pg. 7). Because he pleaded true to the enhancement paragraph, petitioner is barred from now challenging it. *See Randle*, 43 F.3d at 226. This is especially so in light of the fact that petitioner never contests the validity of the prior conviction. *See id.* (barring use of a prior conviction when that conviction was invalid).

In addition, review of the applicable statutes reveals petitioner's punishment was properly enhanced. Petitioner had three prior convictions against him: two prior DWI offenses and a 1978 burglary conviction. Because of the two prior DWI convictions, petitioner's third DWI offense was classified as a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04(b), 49.09. Additionally, because of his prior felony conviction for the 1978 burglary, his classification was be increased from a third-degree felony to a second-degree felony. *See id.* §12.42(a)(3). Therefore, the enhancements were proper, and petitioner makes no allegation that the state law supporting these enhancement procedures violates the United States Constitution. Petitioner's second ground should be denied.

C.
Denial of Access to Trial Court or District Attorney

In his third ground of error, petitioner contends that he "was not allowed to have legal complaints heard by Judge or D.A.." (HCP pg. 7). According to petitioner, he attempted to communicate with the trial court via mail on several occasions, but never received a response. Petitioner avers he was attempting to convey to the trial court the poor quality of representation he was receiving and seek removal of his attorney. (*Id.*).

"A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." *Glinsey*, 209 F.3d at 392. In this case, petitioner pled guilty, and this ground of error was waived by his guilty plea. *See id.* Assuming, however, that he had not waived this ground and this Court reached the merits of his contention, petitioner's claim would fail. The state court record belies petitioner's claim that he never had the opportunity to communicate with the court or district attorney. The judgment in petitioner's case states on the day petitioner pled guilty before the court, the State appeared by the attorney and the "the Defendant was admonished by the Court of the consequences of the plea(s)." (HCR pg. 20). After hearing the evidence and accepting defendant's

guilty plea, "thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof." (*Id.*). Thus, petitioner was given the opportunity to address the court and district attorney and convey his concerns about his attorney's representation. But, given this opportunity, apparently chose to remain silent. This ground is without merit and should be denied.

## V.
## RECOMMENDATION

Petitioner has failed to demonstrate the state court proceedings "resulted in a decision that was contrary to . . . clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICHARD WAYNE OSBIN be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of November 2008.

*[signature: Clinton E. Averitte]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\R&R\Osbin-237.dny  (3)                              Page 9 of 9